LEECO OIL CORPORATION, Petitioner v. COMMISSIONER OF THE INTERNAL REVENUE, Respondent
Leeco Oil Corp. v. Commissioner
Docket No. 5693-90
United States Tax Court
T.C. Memo 1992-591; 1992 Tax Ct. Memo LEXIS 609; 64 T.C.M. (CCH) 986; October 1, 1992, Filed *609 An appropriate order and decision will be entered. For Respondent: William R. McCants. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) of the Code and Rules 180, 181, and 183. All section numbers refer to the Internal Revenue Code for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's motion for judgment on the pleadings under Rule 120. Respondent determined a deficiency in petitioner's Federal income tax for the taxable years ending July 31, 1982, and July 31, 1982, in the amount of $ 1,667,545 and $ 271,249, respectively. Respondent also determined the following additions to tax: Additions to Tax Under Sections
Taxable Year Ended
6653(b)(1)
6653(b)(2)
6661
July 31, 1982
$ 833,772.50
50% of the interest
--
due on the deficiency
July 31, 1982
$ 135,624.50
50% of the interest
due on the deficiency
$ 67,812.25
In addition, *610 respondent determined that the entire deficiencies in income tax due from petitioner for the taxable years ending July 31, 1982, and July 31, 1983, constitute substantial underpayments attributable to a tax-motivated transaction under I.R.C. section 6621(c), formerly section 6621(d). Respondent has conceded this addition to tax. A petition was filed on behalf of petitioner on March 27, 1990. Respondent filed an answer to the petition which alleged in pertinent part the following: 7. FURTHER ANSWERING the petition, and in support of the determination that the deficiencies in income tax for the taxable years ended July 31, 1982 and July 31, 1983 are due, in whole or in part, to fraud with the intent on the part of the petitioner to evade tax, and that all or a part of each underpayment of the tax required to be shown on the petitioner's income tax returns for the taxable years ended July 31, 1982 and July 31, 1983 is due to fraud, and the respondent alleges: (a) During and subsequent to the taxable years involved herein, petitioner was engaged in the promotion of oil and gas tax shelters known as "Granville" and "Bowling Green." (b) During the years involved herein petitioner *611 derived substantial unreported income from the marketing and sale of tax shelter interests. (c) During the taxable years involved herein, the petitioner operated with and through a closely related corporation by the name of Leeco Drilling Corporation, later known as Standard Drilling Corporation, in the marketing and operation of the tax shelters. (d) The tax shelters created, marketed and operated by petitioner and Leeco Drilling Corporation, later Standard Drilling Corporation, were false and fraudulent, and were conducted to benefit petitioner, Leeco Drilling Corporation, later Standard Drilling Corporation, and petitioner's corporate principals. (e) For the taxable years ended July 31, 1982 and July 31, 1983, petitioner derived substantial unreported income from the sale and operation of the aforesaid tax shelters and the sale of corporate assets, and overstated expenses with regard to said taxable years, all with the purpose of fraudulently evading its federal income taxes for the said taxable years. (f) Petitioner and Leeco Drilling Corporation, later known as Standard Drilling Corporation, were both formed in August of 1981 by Joel S. Ratner and Ira Ratner. (g) Despite *612 transfers of stock to different individuals or entities, Joel S. Ratner together with his brother Ira Ratner, continued to control the operations of both petitioner and Leeco Drilling Corporation, later Standard Drilling Corporation, during and subsequent to the years involved herein. (h) During and subsequent to the years involved herein, petitioner's chairman of the board, chief executive, executive administrator and secretary were Joel S. Ratner, and the president was variously Joel S. Ratner and Ira Ratner. (i) In 1982, Ira Ratner graduated from law school; during the taxable years involved herein and subsequent thereto, Joel S. Ratner was described in petitioner's literature as specializing in finances, taxes and accounting, and Ira Ratner was described as responsible for corporate legal matters as chief administrator, president and corporate counsel. (j) During and subsequent to the taxable years involved herein, the petitioner and Leeco Drilling Corporation, later Standard Drilling Corporation, commingled assets, income, accounts and expenses. (k) In August of 1981, petitioner sold to Westfield Corporation a 20% future profits interest in petitioner, with petitioner receiving *613 in exchange Westfield Corporation's ownership interest in Grant Company, an interest worth $ 2,600,000. (l) By reason of the transaction described in the preceding paragraph, petitioner realized a $ 2,600,000 gain in the taxable year ended July 31, 1982. (m) The $ 2,600,000 gain realized by petitioner from the sale of the 20% profits interest was never reported by petitioner on its federal income tax return filed for the taxable year ended July 31, 1982 or on any return filed for any other year. (n) In March of 1982, petitioner reassigned to Westfield Corporation, Westfield's prior ownership interest in Grant Company, and petitioner received as consideration $ 3,000,000 from Westfield Corporation, as evidenced by a $ 3,000,000 promissory note from Westfield Corporation bearing 10% interest. (o) Pursuant to the March, 1982 transaction with Westfield Corporation, petitioner realized $ 400,000 in ordinary income, based on the selling price of $ 3,000,000 less petitioner's cost basis of $ 2,600,000, as described in preceding paragraphs. (p) Petitioner never reported the $ 400,000 gain realized on the sale of Grant Company interests back to Westfield Corporation on its federal income *614 tax return filed for the taxable year ended July 31, 1982, or on it returns filed for any other year. (q) During the years involved herein, petitioner included on its financial statements the Grant Company asset, as well as petitioner's ownership of the $ 3,000,000 note payable by Westfield Corporation * * *. (r) Subsequent to April of 1982, petitioner began paying all of the expenses of Westfield Corporation; many of these expenses were deducted by petitioner as its own expenses. (s) During the taxable years involved herein, Westfield Corporation was solvent, and fully able to pay the $ 3,000,000 obligation due petitioner. (t) On its balance sheet contained in the federal income tax returns filed for the years involved herein, petitioner did not list either the Grant Company asset or the Westfield Corporation note. (u) Petitioner's failure and refusal to report gain from the transactions involving Westfield Corporation and to list the assets received from Westfield Corporation were false and fraudulent acts, and were undertaken for the purpose of evading petitioner's federal income tax liabilities for the years involved herein. (v) For the taxable years ended July 31, 1982 *615 and July 31, 1983, petitioner deducted losses from Granville partnerships totalling $ 56,250 and $ 145,312, respectively. (w) Pursuant to the Forms K-1 provided with (sic) by petitioner with respect to the partnerships, petitioner's losses for the taxable years ended July 31, 1982 and July 31, 1983 would instead have been in the amounts of zero dollars and $ 130,218, respectively. (x) Petitioner is not entitled to any losses from the Granville partnerships for the taxable years ended July 31, 1982 or July 31, 1983, as petitioner never had any basis in the said partnerships, petitioner did not contribute any amounts to said partnerships, petitioner never executed any notes with regard to said partnerships, the said partnerships did not incur any losses, and the said partnerships did not incur any significant portion of the claimed intangible drilling expenses fabricated by petitioner in promoting the fraudulent Granville tax shelters. (y) Petitioner represented to respondent's agents that it has no reconciliation or explanation for the discrepancies between the amounts of the Granville partnership losses claimed on its returns for the years involved herein, as compared with the amounts *616 of the Granville partnership losses petitioner provided itself through Forms K-1 for the Granville partnerships. (z) During the taxable years July 31, 1982 and July 31, 1983, petitioner received commission income from the sale of partnership interests in the amounts of $ 645,810 and $ 1,119,443, respectively, while reporting only $ 159,800 and $ 801,044, respectively, resulting in fraudulently underreported commission income for the taxable years ended July 31, 1982 and July 31, 1983 in amounts of $ 486,010 and $ 318,399, respectively. (aa) In order to fraudulently conceal the fact the petitioner was expensing nondeductible expenditures, petitioner fraudulently "netted" the nondeductible amounts from the commission income on its returns for years involved herein, thereby substantially understating its commission income. (ab) At the same time, petitioner caused Leeco Drilling Corporation, later Standard Drilling Corporation, to enter on its corporate books the full amounts of the commissions paid to petitioner, all with the intent of fraudulently minimizing the tax liabilities of both Leeco Drilling Corporation, later Standard Drilling Corporation, and petitioner. (ac) Petitioner *617 also fraudulently failed to maintain records of its expenses, overstated said expenses, and deducted as ordinary and necessary business expenses clearly personal, nondeductible expenses of its principals, in the amounts of at least $ 167,762 and $ 362,589 for the taxable years ended July 31, 1982 and July 31, 1983, respectively, as more fully detailed in Exhibit A of the statutory notice. (ad) Petitioner also lied to respondent as to the relationship between itself and Leeco Drilling Corporation, later Standard Drilling Corporation, and petitioner maintained at least thirteen (13) separate bank accounts during the years involved herein, all with the purposes of evading its federal income tax liabilities for the years involved herein. (ae) The petitioner's failure to report gains from the sale of business assets aggregating $ 3,000,000 for the taxable year ended July 31, 1982, its fraudulent overstatement of partnership losses, its failure to report substantial commission income, its failure to maintain adequate books and records of its income-producing activities and its business expenses, petitioner's deduction of its excessive, improper business expenses, its diversion of its *618 corporate assets to other corporations and for the personal benefit of the shareholders, and its propagation of fraudulent tax shelter devices during and subsequent to the taxable years involved herein, exhibit a consistent, fraudulent practice by petitioner to evade taxes, facts supportive of the assertion of the civil fraud penalty for the years involved herein. (af) The amounts of petitioner's correct taxable income, the taxable income reported on its federal income tax returns, and the understatements of taxable income for each of the taxable years ended July 31, 1982 and July 31, 1983, are as follows: Taxable Year Ended July 31,
1982
1983
Taxable income as corrected
$ 3,671,288 $ 633,596 Taxable income per returns (loss)
(38,734)
(231,438)
Understatements of taxable income
$ 3,710,022 $ 865,034 (ag) Petitioner's correct income tax liabilities, the income tax liabilities reported on its returns, and the understatements of income tax liabilities for the years ended July 31, 1982 and July 31, 1983, are as follows: Taxable Year Ended July 31,
1982
1983
Correct income tax liability
$ 1,667,545
$ 271,249
Tax liability per returns
-0-   -0- Understatements of tax liability
$ 1,667,545
$ 271,249
*619 (ah) Petitioner fraudulently, and with intent to evade tax, filed fraudulent federal income tax returns for each of the taxable years ended July 31, 1982 and July 31, 1983. (ai) All or a part of the underpayment of tax petitioner was required to show on each of its federal income tax returns for the taxable years ended July 31, 1982 and July 31, 1983 is due to fraud. Respondent filed a motion for entry of order that undenied allegations in the answer be deemed admitted under Rule 37. Petitioner failed to respond to respondent's motion. On September 25, 1990, this Court granted respondent's motion, and the material allegations of fact related to the deficiency and additions to tax which were raised in respondent's answer and to which petitioner did not reply were deemed admitted. Rule 37(c). Respondent moved for judgment on the pleadings pursuant to Rule 120 based upon the deemed admissions. On July 8, 1992, this Court issued an order to show cause in writing why respondent's motion should not be granted and a decision entered in this case. Petitioner again failed to respond. For the reasons set forth below, we grant respondent's motion. A motion for judgment on the pleadings *620 may be granted only when the pleadings do not raise a genuine issue of material fact and the moving party is entitled to a decision as a matter of law. Anthony v. Commissioner, 66 T.C. 367, 368 (1976). Based upon the deemed admissions, we find that there is no genuine issue as to any material fact present in the record, and we grant respondent's motion as to the amount of the deficiency and the addition to tax pursuant to section 6661. As to the additions to tax for fraud pursuant to section 6653(b)(1) and (2), respondent bears the burden of proof by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980). Respondent argues that the facts deemed admitted are sufficient to satisfy this burden. Petitioner is deemed to have admitted the following: Its creation, marketing and operation of Leeco Drilling Corporation, later Standard Drilling Corporation, was false and fraudulent. It did not report income from the sale and operation of the tax shelters and the sale of corporate assets, and overstated expenses with regard to the taxable years, all with the purpose of *621 fraudulently evading its federal income taxes. In order to fraudulently conceal the fact that it was expensing nondeductible expenditures, petitioner fraudulently "netted" the nondeductible amounts from the commission income on its returns for taxable years at issue, thereby substantially understating its commission income. At the same time, petitioner caused Leeco Drilling Corporation, later Standard Drilling Corporation, to enter on its corporate books the full amounts of the commissions paid to petitioner, all with the intent of fraudulently minimizing the tax liabilities of both Leeco Drilling Corporation, later Standard Drilling Corporation, and petitioner. Petitioner also fraudulently failed to maintain records of this expenses, overstated expenses, deducted as ordinary and necessary business expenses clearly personal, nondeductible expenses of its principals, in the amounts of at least $ 167,762 and $ 362,589 for the taxable years ended July 31, 1982, and July 31, 1983, respectively. Petitioner fraudulently, and with intent to evade tax, filed fraudulent federal income tax returns for each of the taxable years ended July 31, 1982, and July 31, 1983. All or a part of the *622 underpayment of tax petitioner was required to show on each of its federal income tax returns for the taxable years ended July 31, 1982, and July 31, 1983 is due to fraud. The deemed facts overwhelmingly establish substantial, intentional omissions from taxable income, and clearly and convincingly establish that the omissions were fraudulent, with the intent to evade tax, and that part of the underpayment was due to fraud. Marshall v. Commissioner, 85 T.C. 267, 273 (1985). Respondent has satisfied the burden of proof by means of the facts deemed admitted. Doncaster v. Commissioner, 77 T.C. 334, 336-338 (1981). Accordingly, respondent's motion for judgment on the pleadings is granted as to the deficiency and additions to tax set forth in the notice of deficiency. An appropriate order and decision will be entered.